# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTHOFF VERTRIEBSGES mbH,<br><br>                      Plaintiff,<br><br>v.<br><br>CHRISTOPHER BERG; BLUESKYE CREATIVE, INC.; and DOES 1-10, inclusive,<br><br>                      Defendants.<br><br>CHRISTOPHER BERG; BLUESKYE CREATIVE, INC.,<br><br>                      Cross-Claimants,<br><br>v.<br><br>WESTHOFF VERTRIEBSGES mbH; and DOES 1-100, inclusive,<br><br>                      Cross-Defendants. | Case No.: 22-CV-938-BAS-SBC<br><br>**ORDER ON MOTIONS TO COMPEL DISCOVERY RESPONSES**<br><br>**[ECF NOS. 44, 45]** |

## I. INTRODUCTION

On August 2, 2023, the Court held a discovery hearing, directed the Parties to proceed with the deposition of Defendant Christopher Berg ("Mr. Berg"), and deferred ruling on the Parties' Motions to Compel. (Doc. Nos. 44, 45.) On September 8, 2023, the Court convened a further hearing on Plaintiff's two Motions to Compel and Defendants Mr. Berg and BlueSkye Creative, Inc.'s (collectively, "Defendants") two Motions to Compel and issued a tentative ruling. This written order follows the September 8, 2023, hearing.

## II. BACKGROUND

1. <u>The Parties' Written Submissions</u>

On June 29, 2023, the Parties filed a Joint Motion for Determination of Discovery Dispute No. 2, constituting Plaintiff's Motion to Compel Defendants' Supplemental Responses to Plaintiff's Third and Fourth Sets of Requests for Production of Documents ("RFPs"). (Doc. No. 44.) On July 6, 2023, the Parties filed a Joint Motion for Determination of Discovery Dispute No. 3 and Request for Sanctions, consisting of Defendants' Motion to Compel Plaintiff's Supplemental Responses to Requests for Admission ("RFAs"), Interrogatories ("ROGs"), and Requests for Production of Documents. (Doc. No. 45.) The above-referenced action transferred to this Court one day later on July 7, 2023. (Doc. No. 46.) Upon transfer, on July 10, 2023, the Court issued a minute order and deferred ruling on the two discovery motions. (Doc. No. 48.)

On July 27, 2023, and August 10, 2023, the Parties submitted a Joint Notice raising two discovery disputes in line with this Court's Civil Chambers Rules. On August 2, 2023, the Court convened a telephonic discovery conference regarding the Parties' discovery motions. In doing so, the Court directed the Parties to proceed with Mr. Berg's deposition as scheduled, subject to certain limitations as outlined in the Court's minute entry. Further, the Court reaffirmed its decision to defer ruling on the discovery motions. Subsequently, on August 15, 2023, the Court issued an Order Setting Discovery Hearing Regarding Discovery Disputes and set a discovery hearing for September 8, 2023, at 10:00 a.m. in

Case 3:22-cv-00938-BAS-SBC   Document 73   Filed 10/26/23   PageID.3829   Page 3 of 9

Courtroom 13B. (Doc. No. 55.) The Court convened the discovery hearing as scheduled. Adam Turosky appeared for Plaintiff. Holly Heffer and Jeffrey Cawdrey appeared for Defendants. Having reviewed and considered the Parties' motion practice and oral argument, this Order now follows.

2. <u>The September 8, 2023, Hearing on the Parties' Cross Motions to Compel Depositions and Further Responses to Written Discovery</u>

At the outset of the September 8, 2023, hearing, the Court indicated it was prepared to rule on every request involved in the four Motions to Compel, which consisted of more than 100 RFPs and ROGs from Plaintiff and a lesser number of each from Defendants. The Court further indicated it would likely award sanctions due to the excessive number of discovery requests and the lack of meaningful meet and confer efforts between the Parties. The Parties then requested a brief meet and confer, and after approximately three minutes of discussion each agreed to produce their principal client for a second day of deposition. As a result, the Court did not make a formal ruling on the two Motions to Compel further deposition testimony because they were rendered moot.

Following an additional meet and confer session of approximately five minutes, Plaintiff agreed to unilaterally withdraw its Motion to Compel further responses to all of its written discovery except Plaintiff's RFPs Nos. 251, 252, 281, 282, 284, 305, and 306. Thereafter, the Court issued its ruling on the remaining requests, which included those RFPs and Defendants' Motion to Compel further responses to RFPs, RFAs, and ROGs.

The Parties' swift resolution of the majority of the disputed discovery underscores the Court's concerns regarding whether a meaningful and good faith meet and confer process occurred leading up to the September 8, 2023, hearing. In the future, the Parties are expected to comply with this Court's meet and confer requirements and resolve or, at minimum, attempt to resolve their disputes in good faith before seeking judicial intervention.

/ / /

/ / /

22-CV-938-BAS-SBC

## III.   DISCUSSION

1. <u>Plaintiff's Motion to Compel Further Responses to Written Discovery (Set Two)</u>

Plaintiff's RFPs Nos. 251 and 252 seek records including corporate records, employee records, corporate minutes, financial records, and related information. The Court notes that some information on these issues has already been produced and **DENIES** the Motion to Compel further responses as to Plaintiff's RFPs Nos. 251 and 252.

Plaintiff's RFPs Nos. 281 and 282 seek documents including income tax returns from 2014 through 2019. The Court **SUSTAINS** Defendants' objections grounded in privilege and confidentiality and **DENIES** Plaintiff's Motion to Compel further responses to Plaintiff's RFPs Nos. 281 and 282.

As to Plaintiff's RFP No. 284, which seeks documents for all employees paid by Defendant Blueskye Creative, Inc. ("Defendant Blueskye") from February 1, 2014, to October 30, 2018, the Court **SUSTAINS** Defendants' objections as to overbreadth, confidentiality, and proportionality. The Court finds that seeking production of these documents is not proportional to the needs of the case and **DENIES** Plaintiff's Motion to Compel further responses as to Plaintiff's RFP No. 284.

Plaintiff's RFP No. 305 seeks Defendants' profit and loss statements and/or financial statements since 2014. The Court **SUSTAINS** Defendants' objections as to privilege and privacy and finds this request seeks documents that would not be proportional to the needs of the case if produced. The Court **DENIES** Plaintiff's Motion to Compel further responses to Plaintiff's RFP No. 305.

Plaintiff's RFP No. 306 seeks all assets owned by Defendants that can be used to satisfy a judgment. The Court **SUSTAINS** Defendants' objections as to privilege and privacy and finds this request seeks documents that would not be proportional to the needs of the case if produced. The Court **DENIES** Plaintiff's Motion to Compel further responses to Plaintiff's RFP No. 306.

///

2.      Defendants' Motion to Compel Further Responses to Written Discovery

The Court **DENIES** Defendants' Motion to Compel Further Responses as to Defendants' RFPs Nos. 161-163. These RFPs seek financial information on the issues of expenses and profit. The relevance of this information is now significantly diminished because Defendants' infringement claims have been dismissed.

The Court **DENIES** Defendants' Motion to Compel Further Responses as to Defendants' RFPs Nos. 168-172. These RFPs seek documents and communications regarding the details of the copyright-registered works, how they were created and delivered, and financial information related thereto. This information has also been rendered largely irrelevant because Defendants' infringement claims have been dismissed.

The Court **DENIES** Defendants' Motion to Compel Further Responses as to Defendants' RFPs Nos. 173-174. These RFPs seek documents regarding licenses and derivative works. These RFPs seek information that is now largely irrelevant because of presiding District Judge Bashant's September 6, 2023, Order finding the existence of an unlimited implied and irrevocable license in this case. (Doc. No. 58.)

3.      Defendants' Motion to Compel Second Day of Deposition for Plaintiff Christian Westhoff

As noted above, counsel for the Parties agreed to voluntarily produce Mr. Westhoff and Mr. Berg for a second day of deposition. Therefore, the Court **DENIES** as moot the Parties' respective Motions to Compel further deposition testimony.

4.      Plaintiff's Motion to Compel a Second Day of Deposition for Mr. Berg and Plaintiff's Related Failure to Follow the Court's Rules and Instructions

Plaintiff's Motion to Compel a second day of deposition for Mr. Berg was the subject of the latest Joint Notice of Discovery Dispute submitted by the Parties, just days before the September 8, 2023, discovery hearing. After lodging the Joint Notice with Chambers, defense counsel agreed to voluntarily produce Mr. Berg for a second day of deposition. As noted, Plaintiff's request became mooted by the Parties' agreement. However, the procedural history of this motion remains significant and informs the Court's instant ruling.

5

### 5. Failures to Follow the Court's Orders

During the September 8, 2023, hearing, the Court put Plaintiff's counsel on notice that the Court was considering awarding sanctions due to Plaintiff's failure to follow the Court's Chambers Rules requiring a good faith meet and confer process prior to filing a Joint Notice of Discovery Dispute. Defendants lodged billing statements to document their time and expenses in making and opposing the four Motions to Compel, consistent with the Court's directive at the September 8, 2023, discovery hearing. Plaintiff timely lodged an Opposition on September 15, 2023.

#### a. The Joint Notice of Discovery Dispute Lodged on September 5, 2023

This latest dispute concerned Plaintiff's motion for a second day of deposition for Mr. Berg. Prior to the hearing, on September 5, 2023, the Court rejected a Joint Notice of Discovery Dispute for failing to follow Civil Chambers Rules. The Court found the initial Joint Notice was (1) argumentative, rather than neutral, under Civil Chambers Rule VI(a); (2) exceeded Civil Chambers Rule VI(a)(iii)'s page limit; and (3) provided only one possible date for a telephonic conference with Chambers, where Civil Chambers Rule VI(a)(iii)(6) required at least three proposed dates. The Court informed the Parties it would not consider the initial Joint Notice due to its non-compliance. In turn, the Court instructed the Parties to submit an amended Joint Notice that complied with the Court's Chambers Rules no later than 5:00 p.m. on September 6, 2023.[1]

///

///

---

[1] The Court notes this was not the first time the Parties failed to comply with the Court's Chambers Rules regarding the presentation of discovery disputes to the Court. On September 7, 2023, Plaintiff's counsel twice emailed this Court's Chambers to request that the Court allow Plaintiff's counsel, Scott M. Lowry, to appear remotely rather than in person for the September 8, 2023, discovery hearing. Section II(a) of this Court's Civil Chambers Rules make clear that the question presented to Chambers was outside of the scope of the permissible subject matter suitable for communications with Chambers. Such a request could have been properly made through a written motion.

b. The Joint Notice of Discovery Dispute Lodged on September 6, 2023

After the Court gave these instructions, counsel for the Parties exchanged email correspondence at 10:04 p.m. and 10:43 p.m. on September 5, 2023, regarding proposed revisions to the Joint Notice. On September 6, 2023, counsel for the Parties exchanged nine emails regarding revisions to the Joint Notice, culminating in an email from defense counsel at 4:29 p.m. in which counsel stated they were able to reduce the Joint Notice to seven pages to meet the Court's page limit.[2] Defense counsel informed Plaintiff's counsel that the latest version was acceptable for submission to the Court. However, rather than finalize and lodge the latest version, counsel for Plaintiff lodged an earlier draft of the Joint Notice at 4:59 p.m. that contained redline edits, was not authorized for submission by defense counsel, and exceeded the Court's page limit. Plaintiff's version as lodged did not fulfill the Court's requirement that the Parties engage in a meaningful and good faith meet and confer effort before presenting a discovery dispute.

The Court has reviewed the additional submissions from the Parties regarding this last discovery issue. Defendants provided an accounting showing that they had spent $11,360 in litigating discovery disputes on this case from August 9, 2023, to September 13, 2023. Plaintiff lodged a response on September 15, 2023, contending that 30 minutes was not sufficient time to finish the meet and confer effort upon receipt of the latest draft of the Joint Notice from defense counsel at 4:29 p.m.[3]

///

---

[2] The Court has reviewed the seven-page Joint Notice that was emailed from defense counsel to Plaintiff's counsel at 4:29 p.m. and finds it would have satisfied Civil Chambers Rule IV(a)(iii)'s procedural requirements to raise the discovery dispute.

[3] The Court notes that during the day of September 6, 2023, the Parties had in fact exchanged edits and new drafts within 30 minutes of the prior draft. At 3:33 p.m., Defendant returned the Joint Notice in redline. For example, at 3:59 p.m., Plaintiff responded with a further edited document. At 4:29 p.m., Defendant returned a document that complied with the Court's page limit and defense counsel stated that the document was ready to file, unless further changes were made.

    c. <u>Sanctions Regarding the First Three Discovery Motions</u>

Despite its concerns and after due consideration, the Court declines to impose monetary sanctions upon either party for Plaintiff's Motion to Compel Further Responses to Written Discovery, Defendants' Motion to Compel Further Responses to Written Discovery, and Defendants' Motion to Compel a Second Day of Deposition of Christian Westhoff. The Court finds that these Motions, and the Oppositions to these Motions, while contentious, were substantially justified to avoid sanctions.

    a. <u>Sanctions for Plaintiff's Motion to Compel an Additional Day of Deposition for Mr. Berg</u>

Turning to the matter of sanctions regarding the presentation of Plaintiff's Motion to Compel an additional day of testimony for Mr. Berg, this matter has been fully briefed, and both sides have been heard in person and via written submissions. Sanctions for violating pretrial discovery rules are largely within the court's discretion. *United States v. Gillings*, 568 F.2d 1307, 1310 (9th Cir. 1978) (citing *United States v. Baxter*, 492 F.2d 150, 174 (9th Cir. 1973).). Courts may also impose sanctions for violating court rules, such as local rules and chambers rules. *Van Osten v. Home Depot, U.S.A.*, Inc., 2021 WL 3471581 (S.D. Cal. 2021) (noting that failure to follow the court's chambers rules is sanctionable conduct.) Sanctions for failing to follow court rules may take various forms, including the striking of appropriate pleadings. *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991).

In this case, the Court finds that Plaintiff failed to follow this Court's meet and confer rules when on September 6, 2023, instead of finalizing and submitting a revised joint statement that was seven pages or less, Plaintiff instead elected to submit a draft joint statement that still contained redline edits and was not authorized for submission by defense counsel. In doing so, Plaintiff failed to comply both with the spirit and the letter of this Court's Civil Chambers Rules.

///

///

The Court notes with concern that this case has generated a considerable amount of

litigation and acrimony between the Parties and their counsel. Both sides blame the other side for the difficulties in the working relationship. This has, in turn, led to repeated discovery disputes where the Parties appear to have trouble agreeing even on relatively basic issues and procedures. Plaintiff's latest failure to comply with the Court's Chambers Rules was one example of the Parties' breakdowns in communication.

Plaintiff's September 6, 2023, lodging of the Joint Notice of Discovery Dispute failed to comply with this Court's Civil Chambers Rules and the Court's September 5, 2023, instructions. Equally notable, Plaintiff failed to engage in a meaningful and good faith meet and confer effort before raising the discovery dispute to the Court. Plaintiff's lack of candor with Defendants and the Court is not acceptable.

The Court has reviewed the submissions by counsel for both sides and finds that the conduct by Plaintiff's counsel required defense counsel to reasonably spend two additional hours of time on this matter that would not have otherwise been necessary. Accordingly, the Court awards costs of $800, pursuant to Fed. R. Civ. P. 37(b)(2)(C). The Court finds that this sanction is both proportionate and related to the offending conduct. Plaintiff's counsel shall pay the amount of $800 to Defendants' counsel **no later than 30 days from the issuance of this Order.**

**IT IS SO ORDERED.**

Dated: October 26, 2023

Hon. Steve B. Chu
United States Magistrate Judge