SCOTT M. LOWRY, ESQ. (CA Bar No. 244,504)
E-Mail: Scott@LawLB.com
ADAM T. TUROSKY, ESQ. (CA Bar No. 336,024)
E-Mail: Adam@LawLB.com
LOWRY BLIXSETH APC
30423 Canwood St., Ste. 215
Agoura Hills, California 91301
Telephone: 818-584-6460
Facsimile: 818-574-6026

*Attorneys for Westhoff Vertriebsges mbH*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Westhoff Vertriebsges mbH, a German limited liability Company,<br><br>    Plaintiff,<br><br>  v.<br><br>Christopher Berg, an individual; BlueSkye Creative, Inc., a California corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 3:22-cv-00938-BAS-SBC<br><br>**Judge: Hon. Cynthia A. Bashant**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 17 U.S.C. § 505 AND CAL. CIV. PROC. CODE § 425.16(C)(1)**<br><br>Hearing:<br>Date: December 26, 2023<br><br>**"NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT."** |

# **TABLE OF CONTENTS**

I.  BACKGROUND ........................................................................................ 1

II. WESTHOFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS .... 2

    A.  Westhoff Should Be Awarded Reasonable Attorneys' Fees As The Prevailing Party To Defendants' Copyright Counterclaims. ................................................ 2

        i.  Courts Routinely Grant Attorneys' Fees When, As Here, A Defendant Attains Complete Success Defeating A Copyright Claim ........................ 3

        ii.  Attorneys' Fees And Costs Are Presumed Because Westhoff Is A Prevailing Defendant. ................................................................. 3

        iii.  Prevailing Defendants Should Be Awarded Fees In Copyright Cases To Encourage Free Use Of The Arts Under The Copyright Act. .................. 4

        iv.  Defendants' Copyright Counterclaims Were Frivolous Or, At A Minimum, Objectively Unreasonable Because Defendants Either Never Owned The Copyrights To Begin With Or Licensed Them To Westhoff. 4

        v.  Defendants' Motivation For Bringing The Copyright Counterclaims Three Years Late Was To Cause Delay And Increase Costs. .................. 6

        vi.  Awarding Westhoff Fees Advances Considerations of Compensation and Deterrence Consistent With The Copyright Act. ....................... 8

    B.  Westhoff Should Also Be Awarded Its Attorneys' Fees For Opposing Defendants' Anti-SLAPP Motion Because It Was Frivolous. ....................... 9

        vii.  Defendants' Dilatory Timing Filing The Anti-SLAPP Motion Was Retaliatory To Westhoff's MJOP Motion. ................................ 10

III. WESTHOFF'S REASONABLE ATTORNEYS' FEES AND COSTS ............................ 10

    A.  Westhoff Achieved Unequivocal Success Dismissing Defendants' Copyright Counterclaims And Anti-SLAPP Motion. ....................................... 11

    B.  The Amount of Work That Was Necessary And Done Was Substantial. ................ 11

    C.  Westhoff Employed Attorneys Skilled In Copyright Litigation. ............................ 13

    D.  Westhoff's Attorneys' Fees Are Reasonable. ......................................... 13

        viii.  Westhoff Seeks To Recover $181,406.22 For Attorneys' Fees For Defending Defendants' Copyright Counterclaims. .......................... 14

        ix.  Westhoff Seeks To Recover $9,484.00 In Reasonable Attorneys' Fees And Costs For Opposing Defending Defendants' Anti-SLAPP Motion. 15

i

E.   Westhoff Is Also Entitled To Its Costs To Defend Defendants' Copyright Counterclaim Claims........................................................................................... 15

IV.  DEFENDANTS' COUNSEL GORDON REES SCULLY MANSUKHANI, LLP SHOULD BE JOINTLY AND SEVERALLY LIABLE FOR WESTHOFF'S FEES AND COSTS ........................................................................................................................... 16

V.   CONCLUSION................................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                     <u>Page(s)</u>

*Assessment Tech. of WI, LLC v. WIREdata, Inc.*,
    361 F.3d 434 (7th Cir. 2004) ........................................................................ 4, 8

*Bernal v. Paradigm Talent & Literary Agency*,
    2010 WL 6397561 (C.D. Cal. June 1, 2010) ................................................. 9

*Blum v. Stenson*,
    465 U.S. 886 (1984) ...................................................................................... 13

*Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*,
    2014 WL 5438532 (S. D. Cal. Oct. 24, 2014) ............................................. 13

*Chivalry Film Prods. v. NBC Universal, Inc.*,
    2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) ............................................. 8

*DeFrees v. Kirkland*,
    2012 WL 12885069 (C.D. Cal. Aug. 23, 2012) ........................................ 9, 10

*Diamond Star Bldg. Corp. v. Sussex Co. Builders*,
    30 F.3d 503 (4th Cir. 1994) ........................................................................... 6

*Eldorado Stone LLC v. Renaissance Stone*,
    2007 WL 3308099 (S.D.Cal. Oct. 24, 2007) ............................................... 14

*Farrar v. Hobby*,
    506 U.S. 103 (1992) ...................................................................................... 11

*Fantasy, Inc. v. Fogerty*,
    94 F.3d 553 (9th Cir. 1996) ........................................................................... 4

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994) ........................................................................................ 2

*Gable v. Nat'l Broad. Co. ("NBC")*,
    2010 WL 11506430 (C.D. Cal. Aug. 6, 2010) ......................................... 3-4, 6

*Gable v. Nat'l Broad. Co.*,
    438 F. App'x 587 (9th Cir. 2011) .................................................................. 8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ...................................................................................... 13

*Hilton v. Hallmark Cards*,
    580 F.3d 874 (9th Cir. 2009) .......................................................................... 9

*In Design v. Lauren Knitwear Corp.*,
    782 F. Supp. 824 (S.D.N.Y. 1991) ................................................................ 10

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
    755 F.3d 1038 (9th Cir. 2014) ........................................................................ 2

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ...................................................................... 10, 13

*Love v. Associated Newspapers, Ltd.*,
    611 F.3d 601 (9th Cir. 2010) .......................................................................... 3

*Lynch v. La Fonte*,
    37 F. Supp. 499 (S.D. Cal. 1941) .................................................................... 5

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,
    81 F.3d 881 (9th Cir. 1996) ..................................................................... 2, 3, 8

*Marshall & Swift v. BS & A Software*,
    871 F. Supp. 952 (W.D. Mich. 1994) ............................................................ 11

*Matthews v. Freedman*,
    157 F.3d 25 (1st Cir. 1998) ............................................................................. 4

*McGaughey v. Twentieth Century Fox Film Corp.*,
    12 F.3d 62 (5th Cir. 1994) .............................................................................. 4

*Mohammed v. Prairie State Legal Servs., Inc.*,
    2018 WL 11277407 (N.D. Ill. June 22, 2018) ................................................ 6

*Moore v. Shaw*,
    10 Cal. Rptr. 3d 154 (Ct. App. 2004) ........................................................... 10

*Newborn v. Yahoo! Inc.*,
    437 F. Supp. 2d 1 (D.D.C. 2006) ................................................................... 6

*Perfect 10, Inc. v. Giganews, Inc.*,
    2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) ................................................ 3

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*,
    394 F.3d 357 (5th Cir. 2004) .......................................................................... 4

*Quinto v. Legal Times*,
    511 F. Supp. 579 (D.DC. 1981) .................................................................... 10

*Reed Elsevier, Inc. v. Muchnick*,
    130 S.Ct. 1237 (2010) ........................................................................ 4

*Scott v. Meyer*,
    2010 WL 2569286 (C.D. Cal. June 21, 2010)................................... 6, 8

*San Diegans for Open Govt. v. Har Constr., Inc.*,
    192 Cal. Rptr. 3d 559 (Cal. App. 4th Dist. 2015)............................ 10

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir.) ...................................................................... 6

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
    768 F.2d 1001 (9th Cir. 1985) ......................................................... 13

*Thoroughbred Software Int'l., Inc. v. Dice Corp.*,
    488 F.3d 352 (6th Cir. 2007) ............................................................ 4

*Van Gerwen v. Guarantee Mut. Life Co.*,
    214 F.3d 1041 (9th Cir. 2000) ......................................................... 13

*Woodhaven Homes & Realty, Inc. v. Hotz*,
    396 F.3d 822 (7th Cir. 2005) ................................................... 3, 4, 8

*Yue v. Storage Tech. Corp.*,
    2008 WL 4185835 (N.D. Cal. Sept. 5, 2008) .................................. 15


**Statutes & Rules**                                                        **Page(s)**

17 U.S.C. § 505 ................................................................................... 2, 15

Cal. Civ. Code § 1146 ............................................................................. 5

Cal. Civ. Proc. Code § 128.5 ................................................................... 9

Cal. Civ. Proc. Code § 425.16 ..................................................... 9, 10, 15


**Treatises**                                                               **Page(s)**

Burke, Thomas R., ANTI-SLAPP LITIGATION (The Rutter Group 2017), § 2:18 .................. 9

Burke, Thomas R., ANTI-SLAPP LITIGATION (The Rutter Group 2017), § 2:110 ............... 9

v

PLAINTIFF AND COUNTER-DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 3:22-cv-00938-BAS-SBC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     BACKGROUND**

3        This began as a straightforward case where Plaintiff Westhoff Vertriebsges mbH

4 ("Westhoff") sought damages and an accounting against Defendants Christopher Berg ("Berg")

5 and BlueSkye Creative, Inc. ("BlueSkye") (collectively, "Defendants") after discovering, *inter*

6 *alia*, that Defendants had forged credit card statements and underlying receipts to steal from

7 Westhoff.  In its initial Complaint filed May 18, 2020, Westhoff attached direct evidence and

8 meticulously explained the forgery and embezzlement. *See* Declaration of Scott M. Lowry

9 ("Lowry Decl.") at ¶ 4; Exh. A.

10        Defendants insisted that this matter belonged in state court and, to save time and money in

11 a motion over diversity jurisdiction, Westhoff refiled in state court on October 30, 2020. *See id.* at

12 ¶ 5; Exh. B.  Yet, after almost two years of state court litigation, and almost four years after the

13 parties terminated their relationship, Defendants, for the first time, alleged copyright

14 counterclaims arising out of the same set of operative facts, to ***remove the case back to this very***

15 ***court*** in June 2022. *See id.* at ¶ 6; Exh. C.  Defendants either intentionally withheld their

16 copyright claims to play procedural games and take advantage of court delays or belatedly

17 concocted a theory for their copyright claims strongly suggesting its lack of merit for purposes

18 other than a good faith resolution on the merits.

19        On September 6, 2023 this Court granted Westhoff's Motion For Judgment On The

20 Pleadings ("MJOP Motion") fully and finally terminating Defendants' copyright counterclaims.

21 The Court explained that Defendants pled that they granted Westhoff an "unlimited, irrevocable

22 implied license to use the [asserted copyrights] for marketing purposes" because Westhoff hired

23 and paid Berg to create the photographs in question for its website and catalogs over the course of

24 a four-year relationship. ECF No. 58, pg. 26.  This Court recognized that "[t]he tactic Defendants

25 [sought] to employ has been tried and rejected before" in acknowledging that the "Ninth Circuit

26 has quashed *post hoc* attempts by creators who claim the compensation they received covered

27 their labor but not the actual works produced." *Id.* at pg. 25.  The Court concluded that the

28 Defendants effectively "pleaded themselves out of court" by failing in "two opportunities to

proffer failsafe allegations that would prevent Westhoff from demonstrating the existence of an unlimited and irrevocable implied license". *Id*. at pgs. 16 and 28.  Given the futility, the Court "dismissed Defendants' counterclaims based on copyright infringement **WITH PREJUDICE**" in favor of Westhoff. *Id*. at 28. Westhoff is thus the "prevailing party" and the Copyright Act entitles Westhoff to its reasonable attorneys' fees and costs, as discussed in detail below.

In the same September 26 Order, this Court Denied Defendants' Special Motion To Strike ("Anti-SLAPP Motion"), which sought to strike Westhoff's counter-counterclaims (ECF No. 21) arising under the federal Declaratory Judgment and Copyright Acts.  As this Court confirmed – "California's anti-SLAPP 'does not apply to federal law causes of action'". *Id*. at pg. 30. Defendants' bad faith is evidenced by the timing of the Anti-SLAPP Motion, and the fact that a simple look at any treatise would have explained, to any one of the three experienced litigation partners Defendants retained, that the Anti-SLAPP Motion could not have been brought against federal claims in federal court.

## II.     WESTHOFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS

### A.  Westhoff Should Be Awarded Reasonable Attorneys' Fees As The Prevailing Party To Defendants' Copyright Counterclaims.

In copyright cases, "the court in its discretion may allow the recovery of full costs", including an "award a reasonable attorney's fee to the prevailing party". 17 U.S.C. § 505; *see Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 519 (1994).  Such recovery is equally available to prevailing defendants such as Westhoff because "[p]revailing plaintiffs and prevailing defendants are to be treated alike". *Id*. at 534; *see also Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996); *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014), as amended (July 9, 2014) ("A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does.").  To grant a fee award, the Ninth Circuit provides guidance: "the district court should consider, among other things: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack*, 81 F.3d at 889. ///

### i. *Courts Routinely Grant Attorneys' Fees When, As Here, A Defendant Attains Complete Success Defeating A Copyright Claim.*

When a defendant has "***won unqualified victories***: . . . ***at the pleading stage without leave to amend*** . . . [t]his sort of ***complete victory on the merits is significant***."  *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *7 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (emphasis added).  The Ninth Circuit has consistently affirmed awards for fees and costs to a prevailing party in Westhoff's position under 17 U.S.C. § 505 when there is complete success.  *See, e.g., Maljack*, 81 F.3d at 889-90 (affirming judgment of reasonable attorneys' fees of $162,175.04 because defendant had "obtained total success in defending against [plaintiff's] copyright claims" that were "if not frivolous, at least factually unreasonable"); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010) (affirming award of attorneys' fees where district court determined that the "theory of the [copyright infringement] case [was] fatally flawed from the outset" and "bordered on frivolous and [being] objectively unreasonable").

Here, Westhoff unequivocally had unqualified "success" because the "Court dismisse[d] Defendants' counterclaims based on copyright infringement **WITH PREJUDICE**, for further amendments would be futile".   ECF No. 58, pgs. 16 and 28.  This factor alone weighs heavily in favor of awarding Westhoff its fees and costs as a result.

### ii. *Attorneys' Fees And Costs Are Presumed Because Westhoff Is A Prevailing Defendant.*

"When the ***prevailing party is the defendant***" who has won unqualified victories, as Westhoff is here, "the ***presumption in favor of awarding fees*** is ***very strong***."  *Gable v. Nat'l Broad. Co. ("NBC")*, 2010 WL 11506430, at *2 (C.D. Cal. Aug. 6, 2010) (*citing Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005)) (emphasis added).

In *Gable*, the California Central District Court awarded "$496,245 in attorneys' fees, and $2,154.51 in non-taxable litigation costs" to the prevailing defendant on the basis of the plaintiff's unreasonable copyright claims and to "serve[] the purposes of the Copyright Act . . . [and] deter others from filing similarly baseless copyright actions." *Id.* at *6.  In doing so, the Central District recognized that "[s]everal Circuits have held that ***awards of fees to the prevailing party*** in a ***copyright action are 'the rule rather*** than the exception ***and should be awarded routinely***.'" *Id.*

3

at *2 (emphasis added) (*citing* "*Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010), (*quoting McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 64 (5th Cir. 1994)) (internal quotation marks omitted); *Thoroughbred Software Int'l., Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007) (noting that fees are routinely awarded in copyright actions); *Woodhaven*, 396 F.3d at 824 ("When the prevailing party is the defendant . . . the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights.") (*quoting Assessment Tech. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004)) (internal quotation marks omitted)").

### iii. *Prevailing Defendants Should Be Awarded Fees In Copyright Cases To Encourage Free Use Of The Arts Under The Copyright Act.*

Even without frivolousness, the Supreme Court has affirmed fee awards based on principles that serve the purposes of the Copyright Act as "a defendant seeking to advance meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious infringement claims." *Fogerty*, 510 U.S. at 518; *see also Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 556 and 561 (9th Cir. 1996) (affirming defendants' $1,347,519.15 district court award and awarding defendant's "attorney's fees [on] appeal . . . as it serve[s] the purposes of the Copyright Act for [defendants] to defend an appeal so that the district court's fee award would not be taken away from him.").

### iv. *Defendants' Copyright Counterclaims Were Frivolous Or, At A Minimum, Objectively Unreasonable Because Defendants Either Never Owned The Copyrights To Begin With Or Licensed Them To Westhoff.*

Unreasonableness or frivolousness are not required to award Westhoff its fees and costs. *See Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir. 1998) ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable."). Nevertheless, Defendants' copyright claims were absolutely frivolous and objectively unreasonable because Berg changed his story at least three times in four years regarding his authorship and ownership of the copyrights he asserted against Westhoff.

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

Berg first sued Westhoff before the California Labor Board on about February 1, 2019 for lost wages claiming to be a Westhoff "employee". *See* Lowry Decl. at ¶ 7; Exh. D.  Copyrights created by employees are works "made for hire", and the U.S. Copyright Office Circular 30 makes it clear that "the party [Westhoff] that hired the individual [Berg] is considered both the author and the copyright owner of the work", not the employee. *See id.* at ¶ 8; Exh. E.  Here, Berg had no ownership or authorship rights to assert against Westhoff.

After Berg's labor complaint was ultimately unsuccessful and Westhoff sued Berg for forgery and embezzlement in 2020, Berg changed his "employee" story and sued Westhoff for copyright infringement in 2022 with BlueSkye.  *See id.* at ¶ 6; Exh. C.  Here, Berg pled that he "took hundreds of photographs of flowers and created catalogs and a website" for Westhoff through BlueSkye, and that the "[p]hotography, while not part of BlueSkye's services, was provided gratuitously [to Westhoff] during the course of the independent contractor relationship." *See id.* at ¶ 6; Exh. C, pg. 3; and ECF No. 1-4, pg. 103. Berg confirmed in his deposition that he: (a) took the photographs while "provid[ing] marketing services for Westhoff", (b) transferred those photographs to Westhoff's possession without placing any restrictions on their use or dissemination; and (c) did not bill nor expect to be paid by Westhoff for the photographs.  *See, e.g.,* Lowry Decl. at ¶¶ 9-10; Exhs. F-G. Here, whatever ownership rights Berg may have had in the copyrighted works were assigned to Westhoff as a gratuitous "gift", *i.e.*, the "transfer of personal property, made voluntarily, and without consideration". *See* Cal. Civ. Code § 1146. This "gift" was irrevocable once Berg transferred possession of the photographs to Westhoff. *Id.* ("A gift . . . cannot be revoked by the giver"); *see also Lynch v. La Fonte*, 37 F. Supp. 499, 502 (S.D. Cal. 1941) ("Where delivery of the property has once been made and possession transferred, the gift is irrevocable".).  As first pled, Berg *still* had no ownership rights to assert against Westhoff.

Westhoff obviously filed a motion to dismiss (ECF No. 7) in response, which caused Berg to change his story again – this time his amended complaint (ECF No. 13) pled "on solid ground" that Westhoff had an unlimited and irrevocable implied license to the copyrighted works in question, and the Court dismissed the same in their entirety in response to Westhoff's MJOP Motion (ECF No. 29).  *See* ECF No. 58, pgs. 14 and 28.

None of Berg's three stories in the last four years permit Berg to assert copyright infringement against Westhoff as a matter of law, the last of which the Court summarily dismissed with prejudice. *Id*. at pg. 28. "[T]he maintenance of copyright claims for protracted period of time without evidentiary support has in the past been held objectively unreasonable". *Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010). Consequently, Defendants' copyright counterclaims, if not frivolous, were objectively unreasonable. *Gable*, 2010 WL 11506430 at *6 (holding that "[plaintiff's] copyright claim was objectively unreasonable. . . . [because] [t]he unreasonableness . . . was apparent from a review of the two works and established as a matter of law in light of well-settled copyright principles."). This additional basis favors a fee award for Westhoff. *See also Newborn v. Yahoo! Inc.*, 437 F. Supp.2d 1, 6 (D.D.C. 2006) ("[A]n award of reasonable attorney's fees and costs to the defendants is appropriate under 17 U.S.C. § 505" when the "deficiencies show that the plaintiff's complaint was both frivolous and objectively unreasonable".).

Importantly, courts have also found cases to be "frivolous" when a "[plaintiff] pleaded himself out of court". *See, e.g., Sprewell v. Golden State Warriors,* 266 F.3d 979, 984 and 989 (9th Cir.) (affirming dismissal of "federal claims as frivolous" when a "[plaintiff] pleaded himself out of court"); *Mohammed v. Prairie State Legal Servs., Inc.*, 2018 WL 11277407, at *2 (N.D. Ill. June 22, 2018) (determining that plaintiff "plead[ed] himself out of court" in "dismiss[ing] with prejudice [the claims] as frivolous"). Similarly, Defendants' copyright counterclaims were frivolous because "Defendants, indeed, . . . pleaded themselves out of court". ECF No. 58, pgs. 16 and 28. Also important is that, "when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion." *Diamond Star Bldg. Corp. v. Sussex Co. Builders*, 30 F.3d 503, 506 (4th Cir. 1994).

v.    ***Defendants' Motivation For Bringing The Copyright Counterclaims Three Years Late Was To Cause Delay And Increase Costs.***

Defendants used the copyright counterclaims to effectively delay Westhoff's ability to efficiently bring its case for embezzlement and fraud to trial. Lest the Court not forget that this case centers on the fact that Westhoff caught Defendants fraudulently embezzling advances that

were earmarked for marketing services and out-of-pocket expenses that Defendants were supposed to have been providing on behalf of Westhoff, including that Defendants were proactively concealing these fraudulent actions by forging documents, including credit card statements and underlying receipts, to substantiate these fraudulent "business expenses" over four years from 2014 to 2018.

Westhoff initially brought its case against Defendants in this federal court on May 18, 2020 (Case No.3:20-cv-00928-WQH-MDD) after Berg's Labor Board complaint and a year's worth of protracted settlement negotiations failed. *See* Lowry Decl. at ¶ 4; Exh. A. Defendants moved to dismiss arguing that the amount in controversy was lower than the $75,000 diversity jurisdictional limit. *See id.* at ¶ 5; Exh. B. Rather than waste resources in motion practice, Westhoff refiled in state court in October 2020 (Case No. 37-2020-00039552-CU-CO-CTL). *See* ECF No. 1-2, pgs. 3-85.  Without rehashing Defendants' ensuing nine months of procedural delays (*see* ECF No. 29-1, pgs. 1-3), the state court issued a Minute Order on June 11, 2021 "categoriz[ing] this case as one that will be disposed of within 18 months" and setting "[t]he Civil Jury trial . . . for 04/22/2022". *See* Lowry Decl. at ¶ 11; Exh. H.  Shortly thereafter, Defendants informed the state court on August 27, 2021 that they would file a "Notice of Removal, upon filing of cross-complaint alleging copyright infringement". *See* Lowry Decl. at ¶ 12; Exh. I.  This maneuver effectively caused the first one-year delay.

Defendants then waited until June 2022 to remove the case to federal court.  *See* ECF No. 1.  This maneuver effectively caused the second one-year delay.  As a result, instead of this case proceeding to trial on April 22, 2022 (Lowry Decl. at ¶ 11; Exh. H), it is now scheduled for trial on April 23, 2024 (ECF No. 67).

Consequently, Defendants successfully caused a ***2-year delay*** with their copyright counterclaims – ***claims Defendants pled existed 4 years earlier*** with Westhoff's continued use of photographs Westhoff paid Defendants to create for its marketing catalogs and website after the parties terminated their relationship in October 2018. Defendants' exploitation of state and federal court jurisdiction to delay Westhoff bringing its case for Berg's embezzlement and forgery favors awarding Westhoff its fees as well.

### vi. *Awarding Westhoff Fees Advances Considerations of Compensation and Deterrence Consistent With The Copyright Act.*

Defendants' decision to *late file* and pursue *frivolous* copyright counterclaims were in complete disregard of the substantial expense Westhoff would incur.  Without any financial consequences, there is nothing to discourage Defendants – or others – from repeating this behavior to push a party into a nuisance settlement. *Maljack*, 81 F.3d at 890 ("We consider that an award of fees may deter baseless suits."); *Woodhaven*, 396 F.3d at 824 ("For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights.").  Here, Westhoff had every right to use the photographs in question, and should not have to bear the costs to defend Defendants' copyright claims. The Central District Court made it clear that "the awarding of fees . . . serve[s] goals of deterrence and compensation. Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves against meritless claims are both laudable ends." *Scott*, 2010 WL 2569286 at *3.  The interests of fairness and equity demand that Westhoff be compensated for its fees and costs to defend meritless copyright counterclaims having no factual support and of which were pursued in the face of dispositive authority demonstrating that Defendants had no claim. *See Assessment Tech*, 361 F.3d at 437 (awarding attorney's fees is necessary to compensate a defendant for being forced to defend a "marginal" suit, because "[u]nless a party in that situation has a prospect of obtaining attorneys' fees, it will be under pressure to throw in the towel if the cost is less than the anticipated attorneys' fees").

Westhoff did not throw in the proverbial towel and, in the absence of an award of Westhoff's fees, Defendants effectively suffer no consequences while Westhoff will have been penalized by the costs to defend a meritless claim. *See, e.g., Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("[A]lthough the plaintiff in this case did not engage in a campaign of vexatious litigation, the need for deterrence against objectively unreasonable copyright claims is significant".); *see also Gable v. Nat'l Broad. Co.*, 438 F. App'x 587, 589 (9th Cir. 2011) (holding that an "award [to defendant] also 'helps to prevent the filing of similarly meritless copyright actions' in the future").  At a minimum, a fee award for a prevailing defendant such as Westhoff furthers the interests of the Copyright Act, and

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

"[t]he Ninth Circuit has held that 'faithfulness to the purposes of the Copyright Act is . . . the pivotal criterion.'" *Bernal v. Paradigm Talent & Literary Agency*, 2010 WL 6397561, at *2 (C.D. Cal. June 1, 2010) (citing *Fogerty*, 510 U.S. at 558). This last element thus strongly favors awarding Westhoff its fees as well.

### B. Westhoff Should Also Be Awarded Its Attorneys' Fees For Opposing Defendants' Anti-SLAPP Motion Because It Was Frivolous.

California's Anti-SLAPP statute is clear that when "the court finds that a special motion to strike is frivolous . . . the court *shall* award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." Cal. Civ. Proc. Code § 425.16 (emphasis added). Section 128.5(b)(2) defines "frivolous" as "totally and completely without merit or for the sole purpose of harassing an opposing party." Here, Defendants Anti-SLAPP Motion sought to strike Westhoff's counterclaims (ECF No. 21) based on the federal Declaratory Judgment and Copyright Acts, and was totally and completely without merit. *See* ECF Nos. 31 and 35.

It is well settled that California's "anti-SLAPP statute does not apply to federal law causes of action", and the doctrine is so engrained, it is Hornbook law. *Hilton v. Hallmark Cards*, 580 F.3d 874, 881 (9th Cir. 2009); ECF No. 58, pgs. 30-31; Burke, Thomas R., ANTI-SLAPP LITIGATION (The Rutter Group 2017), § 2:110 ("Civ. Proc. Code § 425.16 is unavailable against federal claims filed in federal court."); *see also* Lowry Decl. at ¶¶ 13-14; Exhs. J-K. The Court confirmed this fact and summarily "**DENIE[D]** Defendants' Anti-SLAPP Motion." ECF No. 58, pg. 31 (emphasis original).

Defendants hired the large national law firm of Gordon Rees Scully Mansukhani, LLP and employed three senior partners at the firm to work the case, including one partner that purports to have extensive experience in anti-SLAPP litigation (*see id*. at ¶ 15; Exh. L). Yet, Defendants failed to cite case law to the contrary and ignored Westhoff's warning during the pre-filing meet-and-confer on March 23, 2023 and in its April 17, 2023 Opposition (ECF No. 34) that the Anti-SLAPP Motion was inappropriate to challenge federal claims in federal court.

"The legal test for a frivolous motion is whether 'any reasonable attorney would agree that such motion is totally devoid of merit.'" *DeFrees v. Kirkland*, 2012 WL 12885069, at *5 (C.D. Cal. Aug. 23, 2012), *aff'd*, 579 F. App'x 538 (9th Cir. 2014). A five-minute review of the Rutter

9

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

Guide (Lowry Decl. at ¶¶ 13-14; Exhs. J-K) and/or basic case law research would lead any reasonable attorney to believe that Defendants' Anti-SLAPP Motion was "totally devoid of merit". *Id*. "In such circumstances, 'the imposition of sanctions . . . is mandatory.'" *DeFrees*, 2012 WL 12885069 at *5 (*quoting Moore v. Shaw*, 10 Cal. Rptr. 3d 154, 166 (Ct. App. 2004)). As such, Westhoff respectfully requests that the Court sanction Defendants and award Westhoff its reasonable attorneys' fees under Section 425.16(c)(1).

### vii.   *Defendants' Dilatory Timing Filing The Anti-SLAPP Motion Was Retaliatory To Westhoff's MJOP Motion.*

By statute, Defendants' Anti-SLAPP Motion was due "within 60 days of the service of the complaint", or December 17, 2022.  Cal. Civ. Proc. Code § 425.16(f).  This is to "prevent costly, unmeritorious litigation at the initiation of the lawsuit." *San Diegans for Open Govt. v. Har Constr., Inc.*, 192 Cal. Rptr. 3d 559, 570 (Cal. App. 4th Dist. 2015).  To the contrary, Defendants waited over five months until March 30, 2023 (ECF No. 31) to file, and to inappropriately retaliate against Westhoff for filing its MJOP Motion several weeks earlier, which sought to dismiss the very federal copyright claims Defendants' Anti-SLAPP Motion was based. Defendants' strategic timing was designed to use the threat of fees to dissuade Westhoff from pursuing its MJOP Motion its federal claims under the Declaratory Judgment and Copyright Acts. These factual circumstances, like Defendants' meritless copyright counterclaims, require that the Court not only award Westhoff its fees, but sanction Defendants for dilatory and vexatious litigation tactics.

## III.   WESTHOFF'S REASONABLE ATTORNEYS' FEES AND COSTS

When awarding Westhoff its fees, the Court should consider: (1) the result achieved; (2) the amount of work necessary; (3) the amount of work done; (4) the skill employed; and (5) the monetary amount involved. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) *cert denied*, 425 U.S. 951 (1976); *In Design v. Lauren Knitwear Corp.*, 782 F. Supp. 824, 836 (S.D.N.Y. 1991); *see Quinto v. Legal Times*, 511 F. Supp. 579, 582 (D.DC. 1981).

///

///

///

10

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

## A.  Westhoff Achieved Unequivocal Success Dismissing Defendants' Copyright Counterclaims And Anti-SLAPP Motion.

Here again, "[t]he ***most critical factor in determining the reasonableness of a fee award is the degree of success obtained***." *Marshall & Swift v. BS & A Software*, 871 F. Supp. 952, 964 (W.D. Mich. 1994) *quoting Farrar v. Hobby*, 506 U.S. 103, 114 (1992).  Westhoff achieved unequivocal success on the merits at the pleading stage when the Court "dismissed Defendants' counterclaims based on copyright infringement **WITH PREJUDICE**" in favor of Westhoff and when "Court DENIE[D] Defendants' Anti-SLAPP Motion." *See* ECF No. 58, pgs. 28 and 31.

## B.  The Amount of Work That Was Necessary And Done Was Substantial.

In over two years since Defendants first raised filing their copyright counterclaims in state court (*see* Lowry Decl. at ¶ 12; Exh. I), Westhoff had to expend thousands of hours of attorney, employee, and executive time – and hundreds of thousands of dollars – on the following matters related to Defendants' copyright counterclaims and Anti-SLAPP Motion:

- reviewing and analyzing Defendants' late filed Notice of Removal (ECF No. 1); initial frivolous copyright counterclaims (ECF No. 1-4); and amended frivolous copyright counterclaims (ECF No. 13);

- analyzing and researching the facts of Defendants' copyright counterclaims, including conducting legal research and analysis;

- preparing and filing Westhoff's initial Motion to Dismiss (ECF No. 7), and supporting documentation, exhibits, and declarations;

- preparing and filing Westhoff's answer and affirmative defenses (ECF No. 20) and counterclaims (ECF No. 21), including all related supporting documentation;

- reviewing and analyzing Defendants' Motion to Dismiss (ECF No. 22) and Reply (ECF No. 26), preparing and filing Westhoff's Opposition (ECF No. 25) and an *Ex Parte* Sur-Reply (ECF No. 27), and reviewing and analyzing Defendants' Opposition (ECF No. 28);

- preparing and filing Westhoff's MJOP Motion (ECF No. 29), and supporting documentation, exhibits, and declarations;

- reviewing and analyzing Defendants' Opposition (ECF No. 30), and preparing and filing Westhoff's Reply thereof (ECF No. 32);

11

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

- reviewing and analyzing Defendants' meritless Motion to Strike (ECF No. 31), preparing and filing Westhoff's Opposition thereof (ECF No. 34), and reviewing and analyzing Defendants' Reply (ECF No. 35);

- conducting extensive legal research and analysis, including in connection with meeting and conferring on four dispositive motions and five discovery disputes all involving Defendants' copyright counterclaims;

- preparing and serving over 100 written discovery requests directed to Defendants' copyright counterclaims, including multiple interrogatories, multiple requests for admission, and multiple sets of requests for production of documents related to nearly 500 instances of copyright infringement alleged by Defendants;

- reviewing and analyzing voluminous discovery comprising over 50,000+ pages of documents produced by Defendants in response to Westhoff's requests;

- reviewing and analyzing to over 115 of Defendants' written discovery request directed to Defendants' copyright claims, including multiple sets of requests for admissions, multiple sets of requests for production of documents, and multiple interrogatories served by *both* Berg and BlueSkye, and including preparing and serving responses thereto;

- drafting numerous discovery deficiency letters, and hundreds of email communications with Defendants' counsel regarding numerous discovery disputes involving Defendants' copyright counterclaims;

- preparing and taking Berg's personal deposition, BlueSkye's 30(b)(6) witness's deposition, and preparing for and defending Westhoff's 30(b)(6) witness's deposition; and

- preparing and filing briefing and "joint" statements for five formal discovery disputes (including, *e.g.*, ECF Nos. 36, 44, and 45), including preparing and filing objections (ECF No. 37) after Defendants signed Westhoff's counsel's name to a "joint" statement without Westhoff's permission.

*See* Lowry Decl. at ¶¶ 17-18. The amount of work that was necessary for Westhoff to defend Defendants' copyright counterclaims and Anti-SLAPP Motion and, by implication, that was actually done, was certainly substantial. *Id.*

12

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

**C.  Westhoff Employed Attorneys Skilled In Copyright Litigation.**

Westhoff's lead counsel, Scott M. Lowry, specifically concentrates his practice in the niche area of intellectual property law, and has over 17 years of experience in copyright matters and related litigation, as reflected in his *curriculum vitae*. *See* Lowry Decl. at ¶ 22(a); Exh. O. Mr. Lowry was assisted by Chris Kao, who is Of Counsel to the firm and has over 20 years of intellectual property and business law litigation experience, including in relation to copyright matters, as reflected in his *curriculum vitae*. *See* Lowry Decl. at ¶ 22(b); Exh. P. Mr. Lowry and Mr. Kao were assisted primarily by two associates, Adam T. Turosky and Joseph Ray, and two paralegals, Jeffrey Castaneda and Norman Anderson – the relevant details of their intellectual property and litigation experience are set forth in Lowry Decl. at ¶¶ 22(c)-(f); Exh. Q.

**D.  Westhoff's Attorneys' Fees Are Reasonable.**

A reasonable attorney's fee is determined based on the "lodestar" calculation based on the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) in affirming award of $250,254 in attorneys' fees). The lodestar figure is presumptively reasonable, but may be adjusted based on the factors outlined in *Kerr*, 526 F.2d at 70, to the extent these factors are not already subsumed by the lodestar calculation. *See, e.g., Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("The lodestar amount is presumptively the reasonable fee amount."). Courts determine the reasonableness of the rate for attorney's fees based on the rates for similar services by attorneys of similar experience in the relevant community. *See, e.g., Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*, 2014 WL 5438532, at *4 (S. D. Cal. Oct. 24, 2014) (*citing Blum v. Stenson*, 465 U.S. 886, 895 (1984) in awarding prevailing party $275,799 in attorneys' fees in copyright infringement case).

Westhoff concurrently submits evidence herewith demonstrating that the hourly rates charged by its entire staff – including its lead counsel ($420 - $450), of counsel ($420 - $450), associates ($250 - $300), and paralegals ($150 - $160) – are all at least 65%-75% *below market rate* for the relevant community in which this case is involved, according to the *AIPLA Report of the Economic Survey 2021* prepared by the American Intellectual Property Law Association

13

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

("AIPLA") and relevant case law (including cases where this Court has approved reasonable attorneys' fees comparable to or higher than Westhoff's counsel). *See* Lowry Decl. at ¶¶ 23-24; Exhs. R-S; *see also Brighton Collectibles,* 2009 WL 160235 at *4 (approving $550 per hour for lead counsel, $625 for general (outside) counsel, and $90-$210 per hour for paralegal work); *Eldorado Stone LLC v. Renaissance Stone,* 2007 WL 3308099, at *4 (S.D.Cal. Oct. 24, 2007) (determining $520 per hour was reasonable in awarding prevailing party $220,483 in fees for copyright-related matters).

   viii. ***Westhoff Seeks To Recover $181,406.22 For Attorneys' Fees For Defending Defendants' Copyright Counterclaims.***

   Here, Westhoff seeks to recover $181,406.22 in attorneys' fees to defend Defendant's copyright counterclaims. Westhoff's counsel has reviewed the billing for this matter from August 24, 2021 when Defendants first raised the copyright counterclaims in state court to November 21, 2023, including the invoices enclosed with the Lowry Declaration as Exhibit N. *See* Lowry Decl. at ¶ 21; Exh. N. During the relevant time, Westhoff generally incurred the following charges related to Defendants' copyright counterclaims:

- $50,024.50 preparing, filing, and defending the various copyright-specific motions and filings referenced in Section III.B, *supra*. *See id.* at ¶ 29.

- $57,747.22 serving and responding to approximately 215 written discovery requests directed to Defendants' copyright counterclaims, Westhoff's alleged infringement, and Defendants' damages theories, as more fully set forth above in Section III.B, *supra.*, along with reviewing voluminous discovery related thereto. *See id.* at ¶ 30.

- $42,602.00 related to five discovery disputes, including well over 100 communications with Defendants' counsel to schedule meet-and-confers, draft "Joint" Notices, and brief and argue the same with the Court. *See id.* at ¶ 31.

- $26,532.22 preparing for and taking the deposition of Christopher Berg and the FRCP 30(b)(6) witness of BlueSkye, along with defending the FRCP 30(b)(6) witness for Westhoff. *See id.* at ¶ 32.

///
///

- $4,500.00 related to the other miscellaneous matters enumerated in the enclosed bills (*id.* at ¶ 21; Exh. N) specific to defending Defendants' copyright counterclaims, not otherwise enumerated above. *See id.* at ¶ 33.

ix. ***Westhoff Seeks To Recover $9,484.00 In Reasonable Attorneys' Fees And Costs For Opposing Defending Defendants' Anti-SLAPP Motion.***

Westhoff seeks to recover $9,484.00 in reasonable attorneys' fees and costs related to opposing Defendants' Anti-SLAPP Motion, as is required to be awarded under Cal. Civ. Proc. Code § 425.16(c)(1) (The "court shall ***award costs and reasonable attorney's fees*** to a plaintiff prevailing on the motion") (emphasis added); *see id.* at ¶ 34.

**E. Westhoff Is Also Entitled To Its Costs To Defend Defendants' Copyright Counterclaim Claims.**

As the prevailing party, the Court also may award Westhoff its costs (including those that are "taxable" and "non-taxable") under Section 505. *See* 17 U.S.C. § 505 ("[T]he court . . . may allow the recovery of *full costs*".) (emphasis added).

Westhoff incurred $12,537.47 in pro-rated costs related to Defendants' copyright counterclaims, including, *e.g.*, Westlaw research costs, Logikcull e-discovery fees, deposition costs, and travel and related expenses. *See id.* at ¶ 28; Exh. W. Because such expenses are normally billed to a private client (and were billed here), are reasonable, and were necessary to the litigation, and in particular with respect to Defendants' copyright counterclaims, they are recoverable expenses that courts have awarded in copyright infringement cases. *See, e.g., Yue v. Storage Tech. Corp.*, 2008 WL 4185835, at *6 (N.D. Cal. Sept. 5, 2008) (awarding costs "including legal research and courier fees.").

When including these costs, Westhoff's aggregate costs of $193,621.47 are within ~9.5% of the median (midpoint) $175,000 the AIPLA survey states that litigants can expect to incur when there is <$1M at risk in a copyright case that has proceeded through discovery and motions. *See id.* at ¶ 25; Exh. T. Although, considering that Defendants sought upwards of $60,450,000.00 in damages (*see id.* at ¶ 26; Exh. U), Westhoff's $193,621.47 fees and costs are less than half the $420k in the "10th Percentile 10%" for copyright cases involving more than $25M in damages, inclusive of discovery and motions. *See id.* at ¶ 27; Exh. V.  In other words, Westhoff's fees are

15

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 3:22-cv-00938-BAS-SBC

near or grossly lower than the standard.  Westhoff not only believes that its rates are reasonable, but the amount of time and work done is also reasonable to justify an award of $193,621.47 in fees and costs as a result.

## IV. DEFENDANTS' COUNSEL GORDON REES SCULLY MANSUKHANI, LLP SHOULD BE JOINTLY AND SEVERALLY LIABLE FOR WESTHOFF'S FEES AND COSTS

In pertinent part, 28 U.S.C. § 1927 provides that:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The improper procedural gamesmanship, timing of both Defendants' copyright counterclaims and the Anti-SLAPP Motion, and lack of good faith investigation discussed above, vexatiously multiplexed the litigation in this case.  These actions/inactions are *ipso facto* those of Defendants' counsel, Gordon Rees Scully Mansukhani, LLP ("Gordon Rees").  To the extent Gordon Rees wants to shift blame, in whole or in part to Defendants, it should be required to provide enough evidence to overcome the presumption, for example, that it was Defendants' fault for:

- first removing this case to state court, sitting on its copyright counterclaims for two years, only to remove this case back to this Court;
- filing two copyright counterclaims contradicting Berg's previous claim that he was a Westhoff employee and never owned the asserted copyrights;
- maintaining a complaint against Westhoff for well over a year that admitted Westhoff had a license and right to use the asserted copyrights; and
- filing a frivolous Anti-SLAPP motion.

16

## V.  <u>CONCLUSION</u>

For at least the reasons discussed above, Westhoff respectfully requests that the Court grant the present motion and award Westhoff its reasonable attorneys' fees and costs as the prevailing party defending Defendants' copyright counterclaims and the prevailing plaintiff the Defendants' Anti-SLAPP Motion, in an aggregate amount of $203,427.69 against Defendants and its counsel, jointly and severally.

Dated: November 22, 2023                    Respectfully submitted,


                                            _/s/ Scott M. Lowry_____
                                            Scott M. Lowry, Esq.
                                            Adam T. Turosky, Esq.
                                            Lowry Blixseth APC
                                            30423 Canwood St., Ste. 215
                                            Agoura Hills, California 91301
                                            Telephone: 818-584-6460
                                            Facsimile: 818-574-6026

                                            *Attorneys for Westhoff Vertriebsges mbH*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that a copy of the foregoing document has been electronically filed with

3

the Clerk of Court using the CM/ECF system on November 22, 2023. Notice of this filing will

4

be sent to all counsel of record by operation of the court's electronic filing system.

5

6

Dated: November 22, 2023            _/s/Jeffrey Castaneda_____

Jeffrey Castaneda

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28