1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESTHOFF VERTRIEBSGES MBH, a German limited liability Company,<br><br><br>           Plaintiff,<br><br>v.<br><br><br>CHRISTOPHER BERG, an individual; BLUESKYE CREATIVE, INC., a California corporation, and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 22-cv-0938-BAS-SBC<br><br>**ORDER**<br>   1. **GRANTING THE AUTOMATIC STAY (ECF No. 83), AND**<br>   2. **GRANTING MOTION TO WITHDRAW AS ATTORNEYS (ECF No. 80).** |

In 2014, Plaintiff Westhoff Vertriebsges mbH ("Westhoff"), a German-based flower breeding company, entered an oral independent services contract ("Contract") with San Diego-based marketing agency Defendant BlueSkye Creative, Inc. ("BlueSkye"), of which Defendant Christopher Berg ("Berg" and, together with BlueSkye, "Defendants") is the president.  (*See* ECF No. 1-4 ¶¶ 10–30.)  Until 2018, Defendants provided Westhoff with a broad swath of marketing, advertising, and sales services, in exchange for $8,000 per month and reimbursement of out-of-pocket business expenses.  Westhoff alleges that, in 2017, Defendants began embezzling funds that were earmarked for Westhoff-related costs

to cover Berg's personal expenses. (*Id.* ¶¶ 13–19.) Westhoff further avers that Defendants forged financial statements to conceal their embezzlement and substantiate fraudulent business expenses. (*Id.* ¶¶ 20–30.) After discovering Defendants' purported embezzlement, Westhoff commenced suit. (*See generally id.*)

Upon prevailing against Defendants' copyright counterclaims and Defendants' Anti-SLAPP Motion (ECF No. 58), Plaintiff filed a Motion for Attorneys Fees and Costs in late November 2023, pursuing recovery from "Defendants and its counsel, jointly and severally" (ECF No. 83 at 17:4–5).

Less than a month later, Defendants gave notice they had each filed for bankruptcy under Chapter 7 of Title 11 of the United States Code. (ECF No. 83.) Just before Defendants' notice of bankruptcy, their lawyers, Gordon Rees Scully Mansukhana, LLP ("GRSM"), filed the motion at issue here: the Motion to Withdraw as Counsel ("the Motion"). (ECF No. 80.) Plaintiff opposes. (ECF No. 82.) GRSM alleges they are incapable of effectively representing Defendants, that Defendants "knowingly and freely assent to termination of GRSM's representation," that Defendants have breached their Legal Services Agreement by being incapable of paying GRSM's legal fees and expenses, and that because the case is automatically stayed due to Defendants' filings of bankruptcy, the case will not be unduly prejudiced by GRSM's withdrawal. (ECF No. 80-1 at 3:22–5:11.)

## LEGAL STANDARD

The California Rules of Professional Conduct permit withdrawal from reputation under a series of circumstances including when the client makes it "unreasonably difficult for the lawyer to carry out the representation effectively," or "breaches a material term of an agreement" with the lawyer and the lawyer "has given the client a reasonable warning after the breach" of the lawyer's potential withdrawal if the breach is not remedied, or when "the client knowingly and freely assents to termination of the representation." CA ST RPC Rule 1.16(b). Where a tribunal's rules require permission to withdraw, the Rules of Professional Conduct mandate a lawyer to continue representation until such tribunal

has granted permission to withdraw. *Id.*, Rule 1.16(c).

In federal court, "[a]n attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013) (internal quotation marks and citations omitted); *see also* CivLR 83.3(g)(3). In ruling on a motion to withdraw as counsel, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett*, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013). Ultimately, "[t]he decision to permit counsel to withdraw is within the sound discretion of the trial court." *Atkins v. Bank of Am., N.A.*, No. 15-CV-00051-MEJ, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citations omitted).

Under this District's Local Rules, a motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." CivLR 83.3(f)(3)(b).

## ANALYSIS

Here, GRSM satisfies the requirements to withdraw as counsel for Defendants BlueSkye and Berg.

As a preliminary matter, the Court notes that GRSM has met the requirements of Civil Local Rule 83.3(f) by providing a declaration and proof of service indicating that it served Plaintiff with the Motion to Withdraw via ECF and email on December 6, 2023. (ECF No. 80-2 at ¶11.) The Court turns next to the merits of the Motion to Withdraw.

**California Rules of Professional Conduct requirements**. The California Rules of Professional Conduct, Rule 1.16(b)(4), allows withdrawal where the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." GRSM

has shown counsel cannot effectively represent Defendants who have "directed GRSM to take no further action in their defense of this matter." (ECF No. 80-1 at 3:22–25; *see also* ECF No. 80-3 at ¶ 4 ("I have directed GRSM to take no further action in this case").)

Moreover, the California Rules of Professional Conduct permit a lawyer to withdraw from representation where "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation." CA ST RPC Rule 1.16(b)(5). Here, Defendants declare they are unable to pay legal fees and costs for continued representation. (ECF No. 80-3 at ¶ 3.) GRSM claims this is in breach of their Legal Services Agreement, and Defendants are already indebted a significant sum to GRSM. (ECF No. 80-1 at 4:9–11, 18–22.) Courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010); *see also Garcia v. Zavala*, No. 17-CV-06253-TSH, 2019 WL 2088478, at *3 (N.D. Cal. May 13, 2019), *order set aside in part,* No. C 17-6253 MMC, 2020 WL 999779 (N.D. Cal. Mar. 2, 2020) (granting motion to withdraw in part because defendant failed to replenish counsel's retainer and "counsel is essentially working for free"); *see also Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (permitting unpaid attorney to withdraw even though no substitute counsel had been retained and stating "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation."); *see also* CA ST RPC Rule 1.16(b)(5) (permitting withdrawal if the client "breaches an agreement or obligation to the member as to expenses or fees").

Finally, Rule 1.16(b)(6) permits withdrawal where the client "knowingly and freely" agrees to it. Here, Berg, on behalf of Defendants, has "knowingly and freely consent[ed] to GRSM's withdrawal as counsel of record." (ECF No. 80-3 at ¶ 5.)

Accordingly, the California Rules of Professional Conduct permit withdrawal.

**The *Garrett* factors**. There is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case

is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Here, while the proceeding is not in its early stages, there are no immediately scheduled hearings or deadlines because the proceeding is stayed pending resolution of Defendants' bankruptcy proceedings. (*See* ECF No. 83 (Defendants have filed notice of bankruptcy, automatically staying this action.[1]))

GRSM's withdrawal will not unduly prejudice Plaintiff or the administration of justice. *See Tan v. Quick Box, LLC*, No. 20CV1082-LL-DEB, 2022 WL 1085062, at *2 (S.D. Cal. Apr. 11, 2022); *see also Gaynor v. Slade*, No. 21CV777-NLS, 2022 WL 4487999, at *2 (S.D. Cal. Sept. 27, 2022). While Plaintiff seeks recovery from GRSM after defeating Defendants' copyright counterclaims and Anti-SLAPP motion (ECF No. 13), permitting GRSM's withdrawal will not unduly prejudice Plaintiff because GRSM's withdrawal at this juncture does not absolve GRSM from liability for anything they may have done during their representation. *See, e.g.*, *Mory v. City of Chula Vista*, No. 07-CV-462 JLS (WVG), 2010 WL 11684803, at *1 (S.D. Cal. May 7, 2010) (permitting attorneys to withdraw from representation while the case was stayed pending an appeal despite a motion against the attorneys to hold them jointly and severally liable for attorneys' fees). In *Mory*, the court would have permitted the firm to object to the joint and several liability after the stay was lifted, and this Court will do no different. GRSM does not escape potential liability in the Anti-SLAPP and copyright attorneys' fees motion by withdrawing from this lawsuit. *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) ("Nor will withdrawal affect whether Respondents succeed in their request for sanctions

---

[1] Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") section 362(a) provides that a petition under it "operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

- 5 -

against Counsel. The Court retains jurisdiction over Counsel regardless of whether he withdraws as counsel of record for Petitioner.").

Accordingly, the Court finds the four *Garrett* factors each weigh in favor of withdrawal.

**<u>Unrepresented corporation: BlueSkye.</u>** "It is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney." *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994))). Moreover, the Civil Local Rules for the Southern District of California provide that corporations may appear in court only through an attorney. *See* CivLR 83.3(j).

While some courts have relied on this requirement to deny a motion to withdraw as counsel, such outcome would not be in everyone's best interest in this case as the case is currently stayed pending resolution of the bankruptcy proceedings. Accordingly, the Court will grant BlueSkye forty-five (45) days to retain new counsel and require new counsel to file a notice of appearance in this proceeding within that timeframe. *See, e.g.*, *Langer v. YM Holdings, LLC*, No. 18-CV-1114 JLS (KSC), 2019 WL 2472623, at *2 (S.D. Cal. June 13, 2019). If BlueSkye does not comply, it is warned default judgment may be entered against it upon its failure to retain counsel. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming a default judgment against a corporate defendant that failed to comply with the court's order requiring it to retain new counsel).

While BlueSkye may not represent itself in this proceeding, no rule precludes the same for Berg. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Accordingly, Berg may proceed without representation.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. GRSM's Motion to Withdraw as Counsel is **GRANTED**.

22cv0938

2. This action is hereby **STAYED**.  Within fourteen (14) days of the bankruptcy court rendering a decision on Defendants' bankruptcy proceedings, Plaintiff shall file a request to lift the stay.

3. Plaintiff is **ORDERED** to file a status report notifying the Court of the procedural posture of each of Defendants' bankruptcy proceedings no later than August 15, 2024, if the bankruptcy proceedings are not yet resolved.

4. BlueSkye is hereby **ORDERED** to retain new counsel within forty-five (45) days after the stay is lifted.

The remaining pending motions (ECF Nos. 74, 77) are **TERMINATED**.  The Court will reinstate the motions when the stay is lifted.  All remaining deadlines and hearings are hereby **VACATED**.  The Clerk of Court is directed add GRSM as a non-party to the case.

**IT IS SO ORDERED.**

DATED: February 14, 2024

Hon. Cynthia Bashant
United States District Judge

- 7 -

22cv0938