**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESTHOFF VERTRIEBSGES MBH,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER BERG; BLUESKYE CREATIVE, INC.,<br><br>Defendants. | Case No. 22-cv-0938-BAS-SBC<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S $800.00 SANCTIONS (ECF No. 74)** |

On October 26, 2023, Magistrate Judge Steve B. Chu entered an $800.00 sanctions order against Plaintiff's counsel, finding non-compliance with his chamber's rules and instructions in connection with the submission of a Joint Notice of Discovery Dispute. (ECF No. 73.) Plaintiff now objects to Judge Chu's sanctions order pursuant to Federal Rule of Civil Procedure 72(a). (ECF No. 74.) The Court finds Plaintiff's motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **OVERRULES** Plaintiff's objection.

## I.    BACKGROUND

The sanctions order arose during a period of extensive discovery disputes between the parties. The Joint Notice of Discovery Dispute ("Joint Notice") at issue concerned

- 1 -

22cv0938

Plaintiff's motion to compel an additional day of deposition testimony from Defendant Mr. Berg. (Plaintiff's Obj. 2:3–4, ECF No. 74; MJ Order at 6, ECF No. 73.)

The parties were scheduled to appear before Judge Chu for a discovery hearing on September 8, 2023. (MJ Order at 2.) On September 5, 2023—three days before the hearing—Judge Chu's chambers rejected the Joint Notice for failure to comply with his Civil Chambers Rule VI. (*Id.* at 6.) Judge Chu ordered the parties to submit a revised version no later than 5:00 p.m. on September 6, 2023. (Ex. DD, ECF No. 74-32.)

On the evening of September 5, Plaintiff's counsel requested via email that Defendants' counsel submit their revisions by 1:00 p.m. the following day. (*Id.*) Defendants' counsel declined, responding that Plaintiff should lead the revisions as the moving party and that they would need Plaintiff's draft by 10:00 a.m. on September 6. (*Id.*)

At 11:39 a.m. on September 6, Defendants' counsel notified Plaintiff's counsel that they had not yet received Plaintiff's revisions. (*Id.*) At approximately 12:42 p.m., Plaintiff's counsel sent a revised Joint Notice to Defendants' counsel. (*Id.*) At around 3:43 p.m., Defendants' counsel returned a redlined version, adding several pages to the document. (Ex. BB, ECF No. 74-30; Ex. CC, ECF No. 74-31.) In the message accompanying this version, Defendants' counsel stated: "With the red line changes accepted, and if no other changes are made, you have our authority to sign for me and submit to Chambers. If changes are made, we need to review the document with sufficient time for our further revisions." (*Id.*)

Plaintiff's counsel responded with a further edited draft at 3:59 p.m. (MJ Order at 7 n.3.) At 4:29 p.m., Defendants' counsel sent another version of the Joint Notice with a reduced page count that Plaintiff's counsel did not see before the 5:00 p.m. deadline. (*Id.*; Lowry Decl. ¶ 12, ECF No. 74-1; Turosky Decl. ¶ 40, ECF No. 74-2.) At around 4:59 p.m., Plaintiff's counsel filed the 3:43 p.m. version Defendants sent as redlined and exceeding the page limit. (Ex. BB, Ex. CC.)

At the September 8, 2023, discovery hearing, Judge Chu indicated at the outset that sanctions were likely warranted given the volume of discovery requests and the parties'

22cv0938

insufficient meet and confer efforts. (MJ Order at 3.) Upon the parties' request, Judge Chu permitted the parties to confer, during which they promptly resolved several outstanding disputes, including Plaintiff's motion for another day of Mr. Berg's deposition. (*Id.*)

Following the hearing, Judge Chu issued a written order addressing the discovery issues. (*Id.* at 1.) As relevant here, Judge Chu's order sanctioned Plaintiff's counsel $800.00 pursuant to Rule 37(b)(2)(C) in connection with Plaintiff's motion for another day of Mr. Berg's deposition, notwithstanding that the motion had been mooted by the parties' resolution. (*Id.* at 9.) Judge Chu found that Plaintiff's counsel's conduct required Defendants' counsel to spend two additional hours of attorney time that would not otherwise have been necessary. (*Id.*)

Judge Chu imposed the $800.00 sanction on the grounds that Plaintiff's second attempt filing the Joint Notice failed to comply with his chamber's rules and his September 5 instructions. (*Id.*) Specifically, Judge Chu found that rather than submitting a revised, compliant Joint Notice, Plaintiff filed a draft that contained red-line edits, exceeded the Court's page limit, and had not been authorized for submission by Defendants' counsel. (*Id.* at 7.) Judge Chu further found that this was not the first instance of non-compliance, noting that a day before the September 8 discovery hearing, Plaintiff's counsel twice improperly contacted Judge Chu's chambers by email. (*Id.* at 6 n. 1.)

Before issuing the sanctions order, Judge Chu took into consideration additional submissions from the parties, including Plaintiff's argument that thirty (30) minutes was insufficient time to meet and confer on Defendants' 4:29 p.m. draft of the Joint Notice. (*Id.* at 7–8.) The matter was fully briefed before Judge Chu and both parties were heard through written submissions and in person. (*Id.* at 8.)

Plaintiff objected to Judge Chu's sanctions order, and Defendants did not respond to the objection.

22cv0938

## II.    LEGAL STANDARD

A party who disagrees with a magistrate judge's non-dispositive pretrial order has fourteen (14) days from service to serve and file an objection with the district court judge.[1] *See* Fed. R. Civ. P. 72. The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.; 28 U.S.C. § 636(b)(1)(A).

The "clearly erroneous" standard applies to the magistrate judge's factual findings and discretionary decisions. 28 U.S.C. § 636(b)(1)(A); *see Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) ("The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law."). Review under clear error is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal*., 508 U.S. 602, 623 (1993) (citation modified).

## III.    ANALYSIS

Here, given the deferential standard for the discretionary decision whether to award sanctions, the Court overrules Plaintiff's objection. The Court duly considered Plaintiff's objection, including but not limited to Plaintiff's arguments that Defendants' filings have exceeded the page limits several times in the past, that Plaintiff sent Defendants ten emails to meet and confer, that Plaintiff's redlined filing was submitted in an attempt to pursue the most reasonable course of action, and that Plaintiff's filing exceeded the page limit to incorporate both sides' arguments. (*See* Plaintiff's Obj.; Lowry Decl. ¶ 6.) Nevertheless, Plaintiff failed to comply with Judge Chu's chamber's rules and instructions. (Plaintiff's Obj. 7:6–11.)

Judge Chu had given Plaintiff's counsel the opportunity to bring its Joint Notice into compliance with his chamber's rules and in accordance with the specific issues identified.

---

[1] Technically, Plaintiff's objection was untimely, being filed fifteen (15) instead of fourteen (14) days after the magistrate judge's order, but the Court granted a one-day extension. (ECF Nos. 75, 76.)

22cv0938

(Ex. BB.) Plaintiff's counsel failed to do so. Judge Chu acted within his discretion by imposing a sanction for violations of the pretrial discovery, local, and chamber's rules. *See United States v. Gillings*, 568 F.2d 1307, 1310 (9th Cir. 1978); *see also Van Osten v. Home Depot, U.S.A., Inc.*, No. 19CV2106 TWR (BGS), 2021 WL 3471581, at *6 (S.D. Cal. May 4, 2021) (noting that failure to follow the court's chamber's rules is sanctionable conduct).

Looking at the uploaded document to the court, Plaintiff's submission was redlined with edits, exceeded the court's page limit, and was not authorized for submission by defense counsel with the edits unaccepted (Ex. GG, ECF No. 74-35); Plaintiff does not deny these claims, but instead seeks to place the blame on Defendants. Thus, finding that the magistrate judge's determination lacks mistake, the Court overrules Plaintiff's objection to the sanctions.

## IV.    CONCLUSION

Because Plaintiff fails to demonstrate clear error, the Court **OVERRULES** the Objection (ECF No. 74) to Judge Chu's October 26, 2023, order (ECF No. 73). If Plaintiff's counsel has not already done so, the Court **ORDERS** Plaintiff's counsel to comply with Judge Chu's order (ECF No. 73) within fourteen days of the date of this Order.

**IT IS SO ORDERED.**

**DATED: May 29, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

22cv0938