**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESTHOFF VERTRIEBSGES MBH,<br>Plaintiff,<br>v.<br>CHRISTOPHER BERG; BLUESKYE CREATIVE, INC.,<br>Defendants. | Case No. 22-cv-0938-BAS-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 145)** |

Presently before the Court is Plaintiff's motion to alter or amend judgment. (ECF No. 145.) The motion is fully briefed.[1] (ECF Nos. 145, 147, 148.) The Court finds Plaintiff's motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's motion.

[1] The Court has considered the parties' dispute regarding the meet and confer requirement and finds that any deficiency was remedied by a subsequent meeting, with no resulting prejudice to Defendants.

## I. BACKGROUND

This matter was set for a bench trial, which took place on April 6, 7, and 13, 2026. (ECF Nos. 129, 130, 131.) The case proceeded to trial on three issues: (1) breach of fiduciary duty, (2) intentional misrepresentation, and (3) the equitable remedy of an accounting. During closing arguments, Plaintiff abandoned the request for an accounting. The Court issued Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). (ECF No. 138.)

The Pretrial Conference Order—under the section, Westhoff's Claimed Damages—states, in relevant part: "Westhoff seeks to recover damages arising from Defendants' alleged misrepresentations, misuse of funds, forgery of financial records, and concealment of accounting records related to nearly $500,000 in alleged unsubstantiated expenses[.]" (Pretrial Conf. Order, at 2, ECF No. 108.) Plaintiff does not request punitive damages in the Pretrial Conference Order. (*Id.*)

The Court commenced trial by stating that "I have reviewed both parties' proposed statements of fact, conclusions of law, the opening statements of both parties, and the trial brief of both parties." (Bench Trial, Day 1, at 3, ECF No. 142.) The statement is immediately followed by: "Sort of a preliminary ruling, I want you to know that anything that is not on the pretrial conference order is not coming in. If the exhibits are renumbered, that's fine. They don't have to have the same numbers if you did that for ease. But if it's not listed on the pretrial conference order anywhere, then it's not coming in." (*Id.*)

No reference to punitive damages is made on the first or second day of trial. And on the second day of trial, Plaintiff cross-examined Defendants' witness accountant Susan Bernotas about certain financial information, asking, "So you testified about the financial condition of the company. Did the company ever take any loans that you're aware of?" (Bench Trial, Day 2, at 406, ECF No. 143.) The witness responded, "We didn't take out any loans, I don't think, until COVID." (*Id.*) When Plaintiff followed up by asking, "And what loan was taken out during COVID?," Defendants objected on the ground of relevance. (*Id.*) The Court sustained the objection. (*Id.*)

At closing arguments, around a week later, Plaintiff for the first time at trial raised punitive damages, stating: "In addition, we would also respectfully request that the Court consider punitive damages as the Court may deem appropriate to ensure that Mr. Berg does not do this again to another unsuspecting and trusting party." (Bench Trial, Day 3, at 446–47, ECF No. 144.) In their closing, Defendants objected to the request, noting: "The request for punitive damages has never been made. It would be a complete violation of due process, not to mention completely outside the scope of the evidence that's been presented in this case." (*Id*. at 450.)

The Court's Findings of Fact and Conclusions of Law denied Plaintiff's request for punitive damages because the request was omitted from the Pretrial Conference Order, and the Court declined to exercise its discretion to punish or make an example of Defendants. (Bench Trial Order, at 18, ECF No. 138.)

Plaintiff seeks to alter or amend the judgment to permit consideration of punitive damages under Rule 59(e). Alternatively, Plaintiff requests the Court amend its findings of fact or conclusions of law under Rule 52(b).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 59(e)

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Under Rule 59(e), a party may move to alter or amend a judgment following its entry. *See* Fed. R. Civ. P. 59(e). A Rule 59(e) motion "should not be granted unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation modified). A Rule 59(e) motion "may *not* be used to raise

arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend [a prior order.]").

**B. Federal Rule of Civil Procedure 52(b)**

Following entry of judgment in a bench trial, Rule 52(b) permits a party to move the court to amend—under which, "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b); *Crane–McNab v. County of Merced*, 773 F. Supp. 2d 861, 873 (E.D. Cal. 2011) ("Federal Rule of Civil Procedure 52(b) permits a court to amend findings made after a bench trial."). A Rule 52(b) motion may accompany a Rule 59 motion. *See* Fed. R. Civ. P. 52(b); *see also* Fed. R. Civ. P. 59(a)(2).

**III. ANALYSIS**

The Court declines to exercise the extraordinary remedy of amending the judgment based on Rule 59(e) given that there is no newly discovered evidence regarding punitive damages, no indications of clear error in declining to exercise discretion, and no intervening change in the controlling law. Nor can Plaintiff support an argument that Rule 52(b) should be leveraged to correct findings of fact which are central to the ultimate decision; Plaintiff cannot force the Court to exercise its discretion in applying otherwise accurate findings. The Court nevertheless engages with Plaintiff's arguments to explain further why amendment would be improper.

First, as mentioned in the Findings of Fact and Conclusions of Law, Plaintiff did not request punitive damages in the Pretrial Conference Order. The Ninth Circuit has "consistently held that issues not preserved in the pretrial order" are "eliminated from the action." *S. Cal. Retail Clerks Union & Food Emps. Joint Pension Trust Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984). "The very purpose of the pretrial order is to narrow the scope of the suit to those issues that are actually disputed and, thus, to eliminate other would-be issues that appear in other portions of the record of the case." *Id.* Once signed,

"[a] pretrial order has the effect of amending the pleadings and controls the subsequent course of action of the litigation." *Nw. Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (internal quotations and citations omitted); *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) ("Unless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified.").

Here, punitive damages were not requested in the Pretrial Conference Order. *Cf. Crowley v. Wellman*, 72 F.3d 135 (9th Cir. 1995) (determining that the "award of punitive damages did not come as a surprise" to the defendant where the plaintiff "requested punitive damages in the original complaint, the Pre–Trial Conference Order, and in his opening statement at trial"); *Webb v. Ackerman*, No. CV 13-9112-PLA, 2017 WL 5665000, at *2 (C.D. Cal. Feb. 15, 2017) (noting that the parties' Joint Proposed Final Pretrial Conference Order requested "punitive damages"). True, Plaintiff prayed for punitive damages in the amended complaint, but the "Pre–Trial Conference Order supersedes the pleadings." *Boeckmann v. Joseph*, 889 F.2d 1094 (9th Cir. 1989). To amend the Pretrial Conference Order to include punitive damages, Plaintiff would have needed to seek leave under Rule 16. *See* Fed. R. Civ. P. 16(e) ("The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."); *Maccoon v. Birchwood Realty*, 967 F.2d 588 (9th Cir. 1992) ("The district court's decision to allow an amendment to the pretrial order after trial will be reversed only if it results in prejudice to one of the parties.").

Plaintiff's reference to punitive damages arose at the conclusion of the case; specifically, in closing arguments. To first entertain a request for punitive damages after each party rested its case would be unduly prejudicial to Defendants. Beyond the inability to prepare for punitive damages in advance of trial, Defendants had no opportunity to present last-minute defenses or restructure their arguments in response. *See, e.g.*, *Cawley v. Am. Fin. Sec. Life Ins. Co.*, No. CV-22-00823-PHX-SPL, 2026 WL 799690, at *2 (D.

Ariz. Mar. 23, 2026) (denying leave to amend the complaint to add punitive damages before trial given it "would cause undue prejudice, as the parties have not had the opportunity to prepare for trial on a claim for punitive damages").

And failure to include a request for punitive damages in the Pretrial Conference Order is more than a "drafting omission." (Reply 6:8, ECF No. 148.) The facts here are distinct from a case like *Apple, Inc. v. Samsung Elecs. Co*., where the district court rejected waiver of "ongoing royalties," because the Pretrial Conference Order sought "damages" and "in no event less than a reasonable royalty." No. 12-CV-00630-LHK, 2014 WL 6687122, at *4 (N.D. Cal. Nov. 25, 2014). The request for ongoing royalties was implied in part because there is no express statutory provision in the Patent Act that separately lists ongoing royalties and the Federal Circuit previously characterized ongoing royalties as a "reasonable royalty." *Id*. Punitive damages, here, cannot be similarly "implied," where punitive damages require a separate burden of proof.

Nor is this case similar to *Williams v. Sysco San Francisco, Inc*., No. C 10-03760 MEJ, 2013 WL 1390695, at *5 (N.D. Cal. Apr. 4, 2013). There, the court addressed the plaintiff's failure to include punitive damages in the joint pretrial statement. *Id*. But the court rejected this omission as a technicality, because "even after [the plaintiff] omitted punitive damages from the pretrial statement, [the defendant] filed a motion to bifurcate punitive damages from the liability phase of trial," which illustrated that the defendant "still believed punitive damages were in play." *Id*. Here, there is no indication that Defendants believed punitive damages were in play. Defendants, instead, objected on grounds of relevance when financial loans were discussed and objected on due process grounds after punitive damages were raised at closing.

As discussed, a request for punitive damages demands a higher evidentiary burden and also may lead to bifurcation of the trial. In other words, it is a request that carries implications for the content and structure of trial. *See, e.g*., *Puckett v. Brandon*, No. 114CV00290SABPC, 2016 WL 5870207, at *3 (E.D. Cal. Oct. 7, 2016) (granting motion to preclude evidence of the defendant's financial condition "unless and until the trier of

fact determines punitive damages are appropriate”). In any case, Plaintiff’s briefing does not propose to amend the Pretrial Conference Order under Rule 16.

Instead, Plaintiff cites case law that Pretrial Conference Orders should be “liberally construed.” *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 368 (9th Cir. 1985); *Acorn v. City of Phoenix*, 798 F.2d 1260, 1272 (9th Cir. 1986), overruled by *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011). And Plaintiff emphasizes the fact that the trial brief mentions punitive damages and the Court acknowledged that it looked at the trial briefs. Assuming for the sake of argument that Plaintiff’s reference to “damages” included punitive damages, Plaintiff still does not raise grounds to amend or alter the Court’s judgment. *See Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1511 (9th Cir. 1995) (finding no waiver of a claim at trial and thus proceeding in appeal to review the merits of the claim).

The failure to mention punitive damages in the Pretrial Conference Order is emblematic of a more important problem—Plaintiff has failed to produce evidence at trial to support an award of punitive damages under California Civil Code § 3294. Evidence of the defendant’s financial condition is necessary for a court to determine the appropriate amount of punitive damages, and the plaintiff bears the burden of producing such evidence. *See Adams v. Murakami*, 54 Cal. 3d 105, 110, 123 (1991) (“A reviewing court cannot make a fully informed determination of whether an award of punitive damages is excessive unless the record contains evidence of the defendant's financial condition.”); *Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc.*, 155 Cal. App. 3d 381, 384 (Ct. App. 1984) (reversing an award of punitive damages because there was “no evidence” of the defendant’s wealth); *see also Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1011 (N.D. Cal. 2001).

Here, Plaintiff’s brief does not point to where in the record it raised evidence of Defendants’ financial condition. Yet, in reply, Plaintiff argues that Defendants’ bankruptcy petitions represent necessary financial condition evidence. (*See* Exs. 235–36, ECF No. 132 at 10.) But these petitions are inadequate. As a threshold matter, Plaintiff does not cite to

case law to support that bankruptcy petitions in themselves are sufficient to establish financial condition, but even if they were, Plaintiff made no arguments regarding the petitions at trial. And, more importantly, Defendants had no opportunity to contend with the petitions for a punitive damages' determination. *Cf. Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1131 (9th Cir. 1997) (stating that "a person must receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose" (citation modified)). To the extent Plaintiff attempted to discuss Defendants' loans at trial, Defendants' objection was sustained on grounds of relevance. The Court thus could not make a fully informed determination, even if it were to have considered punitive damages based on the bankruptcy petitions alone.

Finally, punitive damages are not mandatory as of right, even upon a showing of oppression, fraud, or malice. *See Bradford v. City of Los Angeles*, 21 F.3d 1111 (9th Cir. 1994) ("The difference is that compensatory damages are mandatory once liability is found, whereas punitive damages are never awarded as of right."); *see also Doe v. Bridges to Recovery*, LLC, No. 2:20-CV-00348-SVW, 2021 WL 1321652, at *11 (C.D. Cal. Mar. 8, 2021). Therefore, the Court, as the finder of fact, declined to exercise its discretion to award punitive damages, even if Plaintiff had properly raised the request in the Pretrial Conference Order and presented evidence on financial condition.

In conclusion, Plaintiff has shown no basis for relief under Rule 52 or Rule 59. Nor has Plaintiff raised grounds on which to reopen the case for additional fact finding. *See Thomas v. SS Santa Mercedes*, 572 F.2d 1331, 1336 (9th Cir. 1978) ("A motion to reopen for additional proof is addressed to the sound discretion of the trial judge.").

## IV. CONCLUSION

Accordingly, upon review, the Court **DENIES** Plaintiff's motion to alter or amend judgment. (ECF No. 145.)

**IT IS SO ORDERED.**

**DATED: August 5, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**